UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

CHARLES W. HUGGINS, JR., as
Personal Representative of the
Estate of Charles Walter Huggins,
III,

        *Plaintiff-Appellant,*

        v.

DON WEIDER, Sergeant; SHANE
LUCAS, Deputy; HENRY DUKES,
Reserve Deputy; MELVIN SEBOE,
Captain,

        *Defendants-Appellees.*

No. 03-2333

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., Chief District Judge.
(CA-02-2361-3-17)

Submitted: June 25, 2004

Decided: August 3, 2004

Before WILKINSON, LUTTIG, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

William Gary White, III, Columbia, South Carolina, for Appellant.
William H. Davidson, II, Kenneth P. Woodington, DAVIDSON,

MORRISON & LINDEMANN, P.A., Columbia, South Carolina; Vinton D. Lide, Lexington, South Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Plaintiff Charles W. Huggins, Jr., personal representative of his son, Charles Walter Huggins, III ("the decedent"), timely appeals the district court's order granting summary judgment to Defendants in his 42 U.S.C. § 1983 (2000) action arising out of the death of the decedent.*

This case arises from unfortunate events that occurred on July 19, 2000. On that date, Plaintiff received a telephone call from the decedent during which the decedent threatened to set fire to several properties. Plaintiff alerted the Lexington County Sheriff's Department ("LCSD") to the decedent's threats. Several officers, including Defendants Don Weider, Shane Lucas, Henry Dukes, and Melvin Seboe (collectively, "Defendants"), all of the LCSD, were then informed of the decedent's threats. Defendants encountered the decedent in the woods behind his house. The decedent was armed with two knives that he alternatively held against his own chest and held in a manner threatening to the Defendants. Defendants repeatedly instructed the decedent to put the knives down so that he could come out of the woods and seek medical help. The decedent refused to release the knives, instead telling Defendants that they would have to kill him. Eventually, the decedent advanced on Weider while holding the two knives in the air. Weider warned the decedent not to take another step

---

*The district court declined to exercise supplemental jurisdiction and dismissed without prejudice Plaintiff's state law wrongful death and survival actions. Plaintiff does not appeal this decision.

or Weider would be forced to shoot. The decedent then took one to two more steps towards Weider, and Weider shot the decedent. Lucas and Dukes both saw the decedent continue to advance after Weider fired his weapon. They then both fired on the decedent. Shortly thereafter, the decedent was pronounced dead at a nearby hospital.

Plaintiff filed a complaint, asserting Defendants violated the decedent's Fourth and Fourteenth Amendment rights. Defendants moved for summary judgment, contending that their use of deadly force was objectively reasonable. After a hearing, the district court granted Defendants' motion. Plaintiff now appeals.

We review an order granting summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). We view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A mere scintilla of proof, however, will not suffice to prevent summary judgment; the question is "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party" resisting summary judgment. *Anderson*, 477 U.S. at 251 (internal quotation marks omitted).

A claim that a police officer used excessive force in attempting to make an arrest is analyzed under the Fourth Amendment reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Force is not excessive if it is objectively reasonable under the circumstances facing the officer, without regard to his underlying intent. *Id.* at 397. An officer may use deadly force when he has good reason to believe that the suspect presents a threat of serious physical harm to himself or others. *Tennessee v. Garner*, 471 U.S. 1, 11 (1985). Under *Graham*, a court must focus on the moment that force was used. *Greenidge v. Ruffin*, 927 F.2d 789, 791-92 (4th Cir. 1991). Actions prior to that moment are not relevant in evaluating whether the force used was reasonable. *Elliott v. Leavitt*, 99 F.3d 640, 643 (4th Cir. 1996).

Here, the sole issue is whether Defendants' use of force was objectively reasonable. Defendants encountered a man in the woods with two knives whose actions indicated he was prepared to use them against Defendants. The decedent refused to drop the knives after repeatedly being instructed to do so. The decedent then advanced on Weider after expressly being warned not to come any closer. After Weider shot the decedent, Dukes and Lucas saw the decedent continue to advance on Weider, prompting each to fire their weapons. At the moment Defendants Dukes, Lucas and Weider used deadly force against the decedent, each had an objectively reasonable fear that the decedent presented a serious threat of physical harm. Therefore, the district court properly granted summary judgment for Defendants Weider, Dukes and Lucas. Moreover, because Plaintiff's claim against Seboe was predicated on his position as a supervisor, Plaintiff's claim against him must also fail. There can be no liability under § 1983 on the part of a supervisory official in the absence of a constitutional violation on the part of those supervised. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 579 (4th Cir. 2001) (stating that a § 1983 failure-to-train claim cannot be maintained against a supervisor when there has been no underlying constitutional violation).

Accordingly, we affirm the district court's order granting summary judgment to Defendants and dismissing Plaintiff's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*